## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUAN MANQUERA,

      Plaintiff,

vs.                                                                         No. CIV 20-0484 JB/GBW

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF DONA ANA; JOHN
DOE 1; JOHN DOE 2; JOHN DOE 3; NEW
MEXICO BEHAVIORAL HOSPITAL; NEW
MEXICO CORRECTIONAL DEPARTMENT;
GUADALUPE COUNTY CORRECTIONAL
FACILITY and THE DONA ANA COUNTY
DETENTION CENTER,

      Defendants.

## ORDER[1]

**THIS MATTER** comes before the Court on: (i) Defendant Board of Commissioners for the County of Dona Ana's Motion to Dismiss Plaintiff's First Amended Complaint, filed August 18, 2020 (Doc. 8)("Dona Ana MTD"); (ii) Defendant Guadalupe County Correctional Facility's Motion to Dismiss, filed December 22, 2020 (Doc. 22)("GCCF MTD"); and (iii) Defendants New Mexico Behavioral Health Institute and New Mexico Correctional Department's Motion to Dismiss, filed December 28, 2020 (Doc. 23)("NM MTD"). The Court held a hearing on the MTDs on February 22, 2021. See Clerk's Minutes at 1, filed February 22, 2021 (Doc. 38). The primary issues are: (i) whether the Court should dismiss the Defendant Board of Commissioners of the

---

[1]This order disposes of: (i) Defendant the Board of Commissioners for the County of Dona Ana's Motion to Dismiss Plaintiff's first Amended Complaint, filed August 18, 2020 (Doc. 8); (ii) Defendant Guadalupe County Correctional Facility's Motion to Dismiss, filed December 22, 2020 (Doc. 22); and (iii) Defendants New Mexico Behavioral Health Institute and New Mexico Correctional Department's Motion to Dismiss, filed December 28, 2020 (Doc. 23). The Court will issue a Memorandum Opinion at a later date more fully detailing its rationale for the decision.

County of Dona Ana (the "Dona Ana Commissioners") as a Defendant, because the claims against Dona Ana Commissioners are time barred; (ii) whether the Court should dismiss the Defendant Guadalupe County Correctional Facility ("Guadalupe Correctional") as a Defendant, because Guadalupe Correctional is not a suable entity; and (iii) whether the Court should dismiss the Defendants New Mexico Behavioral Health Institute and New Mexico Correctional Department (the "NM Defendants") as Defendants.  The Court concludes that: (i) the claims against the Dona Ana Commissioners are time-barred; (ii) Guadalupe Correctional is not a suable entity; and (iii) the claims against the NM Defendants are time-barred.[2]  For these reasons, and the reasons stated on the record, see Tr. at 44:4-10 (Court), the Court grants the MTDs, thereby dismissing the Dona Ana Commissioners, Guadalupe Correctional, and the NM Defendants from this action, and dismissing this case without prejudice.[3]

At the hearing, the parties first addressed the Dona Ana MTD.  See Transcript of a Hearing at 9:1-3 (taken Feb. 22, 2021)(Martinez)("Tr.").[4]  With respect to the statute-of-limitations arguments, the Court explained that it is "inclined to agree with the County on this issue.  I don't think those state cases are going to help me much . . . .  But I'm inclined to grant the motion on that aspect."  Tr. at 10:7-11 (Court).  Manquera admitted that the "statute of limitations decision is going to be . . . a straight legal decision . . . ."  Tr. at 13:4-7 (Benjamin).  The Court elaborated: "I think that probably . . . it's going to fall under the three-year statute[ of limitations] for the 1983

---

[3]There was some discussion at the hearing of Manquera adding GEO Group as a Defendant. See Tr. at 23:3-6 (White)("Well, I think the proper[] entity -- if there are claims that survive the statute of limitations -- would be the private prison operator, which is GEO Group.").   To date, however, nothing has been filed.

[4]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

and" the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA") claims, "so I'm inclined to grant the motion on this." Tr. at 14:11-14 (Court). See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212-13 (10th Cir. 2014)(explaining that the three-year statute of limitations allowed in § 1983 suits in New Mexico likewise applies to Title IX, 20 U.S.C. § 1681, claims). Moreover, Manquera conceded that he "can't have a 1983 claim against an entity versus an individual," and agreed that the Court should dismiss the 42 U.S.C. § 1983 claims against the Dona Ana Commissioners. Tr. at 15:22-16:3 (Benjamin). With respect to the Dona Ana Commissioners' arguments under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court indicated that it was "inclined to think this is going to go off on statute of limitations. So I probably won't allow amendment on the present facts." Tr. at 20:10-17 (Court).

The parties next addressed the GCCF MTD. See Tr. at 20:22-21:1 (Court, White). Guadalupe Correctional explained that the basis for its MTD is that Guadalupe Correctional is a building, and, therefore, is "not an entity that can be sued under state law nor is it a person for purposes of plaintiff's claims under 1983 and the ADA." Tr. at 22:4-14 (White). In response to the Court's question, Guadalupe Correctional stated that the proper entity to sue in this case is GEO Group, the private prison operator. See Tr. at 23:1-6 (Court, White). The Court informed Manquera that "it's basically a building you're suing." Tr. at 24:23-25:1 (Court). Guadalupe Correctional also explained the contractual relationships at issue to the Court: "The Corrections Department contracts with Guadalupe County to house the inmates at its -- it's a combination jail and correctional facility. GEO then contracts with Guadalupe to basically assume . . . its operational operations with respect to the State inmates." Tr. at 28:6-11 (White). The Court has held previously that "suing a detention facility is the equivalent of attempting to sue a building for purposes of § 1983." Gallegos v. Bernalillo Cty. Bd. of Cty. Comm'rs, 272 F. Supp. 3d 1256, 1267

- 3 -

(D.N.M. 2017)(Browning, J.).   See Gonzalez v. Geo Mail Room of Guadalupe Cty. Corr. Facility, 2020 WL 6316342, at *3 (D.N.M. Oct. 28, 2020)(Herrera, J.)(stating that Guadalupe Correctional is "not [an] entit[y] capable of being sued under § 1983"); Aicher v. Lea County Correctional Facility, 2014 WL 12792261, at *1 (D.N.M. June 9, 2014)(Johnson, J.)(holding that Lea County Correctional Facility is "not a suable entity")(citing Buchanan v. State of Oklahoma, 398 F. App'x 339, 342 (10th Cir. 2010); White v. Utah, 5 F. App'x 852, 853 (10th Cir. 2001)).   Accordingly, the Court grants the GCCF MTD.

Last, the parties discussed the NM MTD.   See Tr. at 31:20-24 (Court, Evans).   The NM Defendants first noted that Manquera did not file a response to any of the MTDs.   See Tr. at 37:10-38:13 (Court, Benjamin, Martinez, White).   Like the Dona Ana Commissioners, the NM Defendants argued that Manquera's claims against it are time-barred.   See Tr. at 43:1-12 (Evans). The claims against the John Doe defendant are likewise time barred.   See Complaint ¶ 6, at 1. N.M.S.A. § 41-4-15 states, in pertinent part:   "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death."   Relatedly, New Mexico provides a three-year statute of limitations that the federal courts apply to 42 U.S.C. § 1983 claims.   See Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008)(citing N.M.S.A. § 37-1-8).   The events at issue in this case concluded in 2014.   See First Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights ¶¶ 7-18, at 2, filed August 4, 2020 (Doc. 6).

At the close of oral argument on the matter, the Court indicated its inclination to grant the MTDs:

> I'm inclined to think the statute of limitations are a problem with the New Mexico motion as well, so I'm inclined to grant it.  So I'm inclined to grant these motions largely on the statute of limitations, and then as far as Guadalupe County, on the

capacity to be sued grounds.  So I'm inclined to grant these motions.

Tr. at 44:4-10 (Court).  Thus, for the reasons stated on the record, <u>see</u> Tr. at 44:4-10 (Court), the

Court grants the MTDs.

**IT IS ORDERED** that (i) Defendant the Board of Commissioners for the County of Dona

Ana's Motion to Dismiss Plaintiff's first Amended Complaint, filed August 18, 2020 (Doc. 8), is

granted; (ii) Defendant Guadalupe County Correctional Facility's Motion to Dismiss, filed

December 22, 2020 (Doc. 22), is granted; (iii) Defendants New Mexico Behavioral Health Institute

and New Mexico Correctional Department's Motion to Dismiss, filed December 28, 2020 (Doc.

23), is granted; (iv) Defendant Board of Commissioners of the County of Dona Ana is dismissed

from this action; (v) Defendant Guadalupe County Correctional Facility is dismissed from this

action; (vi) Defendants New Mexico Behavioral Health Institute and New Mexico Correctional

Department are dismissed from this action; and (vii) this case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

  *Attorney for the Plaintiff*

Damian L. Martínez
Mynatt Martínez Springer P.C.
Las Cruces, New Mexico

  *Attorneys for Defendants Board of County Commissioners for the County of Dona Ana*
  *and the Dona Ana County Detention Center*

Bryan D. Evans
Carla Neusch Williams
Atwood, Malone, Turner & Sabin, P.A.
Roswell, New Mexico

> *Attorneys for the Defendants New Mexico Behavioral Health Institute and New Mexico Correctional Department*

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

> *Attorneys for the Defendant Guadalupe County Correctional Facility*